

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| BEACH DEVELOPMENT, LP, | ) ) | CASE NO. 03-80223-G3-7 |
| Debtor, | ) ) | |
| RAMPART RESOLUTION GROUP, LLC, | ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | ADV. NO. 09-8003 |
| RANDY WILLIAMS, TRUSTEE, HPGP LLC, and KENT B. HYTKEN, | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

The court has held an initial status conference in the above captioned adversary proceeding, and a hearing on its Order to Show Cause (Docket No. 12), and has considered the Trustee's Motion to Dismiss, contained in Docket No. 14.  The following are the Findings of Fact and Conclusions of Law of the court.  A separate conforming Judgment will be entered.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Beach Development, LP ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on March 4,

2003.  On January 28, 2004, the court ordered appointment of a Chapter 11 Trustee.  On February 2, 2004, Randy W. Williams was appointed as Chapter 11 Trustee.  On August 27, 2004, the case was converted to Chapter 7.  Randy W. Williams ("Trustee") is the Chapter 7 Trustee.

The instant Chapter 7 case has been one part of complex litigation, involving this Debtor, HPGP, LLC (Debtor's general partner), Kent Hytken (at times the largest equity holder in Debtor), other entities controlled by Kent Hytken, Robert Hytken (Kent Hytken's father, now deceased, and at times an equity holder in Debtor), Marisa Gayne (Kent Hytken's former spouse), a receivership estate created pursuant to the divorce between Kent Hytken and Marisa Gayne, a probate estate (administered by Robert Hytken's daughter, Joy Weinberg) created upon the death of Robert Hytken, and Debtor's creditors, including Source One Capital. The litigation has proceeded, at various times, in the state courts of Texas and California, this court, and on appeal in the United States District Court for the Southern District of Texas and the Fifth Circuit Court of Appeals.

Debtor's primary business, on the petition date, was the holding of beachfront property in Galveston, Texas, for planned future development.  In the instant bankruptcy case, while it was in Chapter 11, Source One Capital filed a motion for relief from stay.  Relief from stay was granted, and on July 1,

2003, Source One Capital conducted a foreclosure sale as to a portion of the property.

Subsequently, shortly after conversion of the case from Chapter 11 to Chapter 7, Hytken's Partnership No. 1, L.L.C. sought to compel Trustee to sell any claims the bankruptcy estate might have against Source One Capital.  That motion ultimately led to a bidding procedure, and, after extensive litigation, an order, entered May 23, 2006, approving a sale to Rampart Resolution Group, L.L.C. ("Rampart"), an affiliate of Source One Capital.

The order approving the sale provides in pertinent part:

> ORDERED, that the Trustee's sale of any and all claims of the estate against Source One Capital, its predecessors and successors in interest, related to the foreclosure of beach front property owned by Beach Development, L.P. to Rampart Resolution Group, L.L.C. for $360,000 is CONFIRMED and FINAL pursuant to a public auction conducted under this Court's Judgment; it is further
>
> ORDERED that the sale of the Claims is without representations or warranties except with respect to title.

(Docket No. 369, Case No. 03-80223-G3-7).

The court's order approving the sale was affirmed by the United States District Court (Docket No. 25, 26, Case No. 06-CV-2169), and by the Fifth Circuit Court of Appeals (Slip Op. June 6, 2008, Case No. 07-20350).

3

On July 2, 2007, HPGP, LLC and Kent Hytken filed suit against Source One Capital, in the 122nd Judicial District Court of Galveston County, Texas.  In the instant adversary proceeding, Rampart, the Plaintiff, attached to its complaint a file-stamped copy of the "Second Amended Petition to Set Aside Wrongful Foreclosure and for Damages" filed in the state court by HPGP, LLC and Kent Hytken.  That petition provides in pertinent part:

> 9.   The only thing BEACH DEVELOPMENT, HPGP LLC and KENT B. HYTKEN wanted in exchange for providing over $425,000 to KENT B. HYTKEN'S ex-wife, MARISA GAYNE, was the ownership of certain claims and causes of action owned separately by BEACH DEVELOPMENT, LP and HPGP LLC, against SOURCE ONE CAPITAL GROUP, L.P., for the wrongful foreclosure of the 96 beach front acres in Galveston...
>
> * * *
>
> 11.  The wrongful foreclosure took place on July 1, 2003, one day after the bankruptcy Chapter 11 filing of HPGP LLC, which occurred on June 30, 2003.  Defendant, SOURCE ONE CAPITAL GROUP, L.P., was given proper notice of HPGP LLC's bankruptcy filing, but preceded [sic] with the foreclosure of 96-acres of land on the east beach of Galveston, Texas.  HPGP LLC owned 1% interest in BEACH DEVELOPMENT, LP, and HPGP LLC is co-obligor of recourse financing provided by Defendant, SOURCE ONE CAPITAL GROUP, L.P.  KENT B. HYTKEN owned 100% of HPGP LLC and was an obligor of the loan(s).  This is a unique one-of-a-kind 96 acres of beach front land and money damages will not replace this property.  All actions that occurred starting with the wrongful foreclosure on July 1, 2003, and thereafter, are Void.  The wrongful foreclosure should be set aside and the property returned to its proper owner, BEACH DEVELOPMENT, LP.  The filing of a bankruptcy case causes the issuance of an Automatic Stay, which was in effect in this case.  Any and all foreclosures in contravention of the Automatic Stay are void, not merely voidable.

* * *

> WHEREFORE, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff have (a) judgment against Defendants voiding the foreclosure as well as the amounts requested above; (b) reasonable attorney fees in an amount to be set by the Court; (c) costs of suit; and (d) any other relief to which Plaintiff may show itself entitled.

(Docket No. 1-2).

In the instant adversary proceeding, Rampart seeks a declaratory judgment determining that all of the claims asserted by HPGP, LLC and Kent Hytken in the state court are those that the bankruptcy estate sold to Rampart. Rampart also seeks damages from HPGP, LLC and Kent Hytken, on a conversion theory, and seeks damages from Trustee, on a breach of warranty theory. Rampart also seeks injunctive relief prohibiting HPGP, LLC and Hytken "from exercising control over the Claims that were sold to Rampart by the Trustee pursuant to the terms of the Sale Order, including but not limited to the prosecution of the Lawsuit."

## Conclusions of Law

The instant adversary proceeding presents a straightforward question of this court's interpretation of its own order of May 23, 2006 approving the sale of the estate's claims to Rampart. The time has come for the complexity of the litigation to be reduced, rather than multiplied.

The order is unambiguous. It provides, by its own terms, that the estate's causes of action are sold to Rampart.

5

It does not provide for the conveyance of any property that is not property of the bankruptcy estate.

With exceptions not present in the instant case, Section 363(b)(1) of the Bankruptcy Code provides that the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.  11 U.S.C. § 363(b)(1).  Nothing in the Bankruptcy Code permits the Trustee to convey any property that is not property of the bankruptcy estate.[1]

As to any causes of action the bankruptcy estate may have had against Source One Capital, it is clear that the Trustee has conveyed those causes of action to Rampart.  The Trustee warranted that the estate had title to those claims that were property of the bankruptcy estate.  Trustee could not possibly have warranted title to any property that was not property of the bankruptcy estate.

To the extent HPGP LLC and Kent Hytken assert that the real property is property of Debtor, that cause of action accrues to Trustee, and was conveyed to Rampart.

On the face of it, Kent Hytken and HPGP LLC appear to have no causes of action against Source One in their personal

---

[1] The court notes that, where the estate and another entity own an interest in the same property, the Trustee may, in certain circumstances, sell both the estate's interest and the interest of the other entity.  That section does not apply to the causes of action addressed in the instant adversary proceeding.

capacity separate from Beach Development, LP.  The real property was owned by the Beach Development, LP bankruptcy estate on the petition date, and the subsequent Chapter 11 petition (later dismissed) on behalf of HPGP LLC did not effectuate a transfer of any interest in the real property from Beach Development, LP to either HPGP LLC or Kent Hytken.

Although the possibility of the existence of any claim personal to HPGP or Kent Hytken seems tenuous at best, any such cause of action was not property of the bankruptcy estate, and was not conveyed to Rampart.

With respect to the causes of action asserted in the instant adversary proceeding, the court's conclusion regarding the interpretation of the May 23, 2006 order in effect grants in part the declaratory judgment requested by Rampart, and disposes of the breach of warranty claim against Trustee.  As to the remainder of the causes of action addressed in the request for declaratory judgment, this court asserts subject matter jurisdiction.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on April 2, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE